IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WARREN AIKEN, JR,

    Plaintiff,

v.                                              CASE NO. 1:13-cv-253-MP-GRJ

MAGISTRATE JUDGE
BARRY S SELTZER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Warren Aiken, Jr., DOC # 638376, an inmate presently confined at Santa Rosa Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1, 2. Although the allegations of the Complaint are difficult to construe, it appears that Plaintiff is challenging alleged procedural defects in prior cases filed by him that have been dismissed and/or transferred. Doc. 1. For the following reasons, the undersigned recommends that leave to proceed as a pauper should be denied, and that this case should be dismissed as barred by the three-strikes provision of 28 U.S.C § 1915(g).

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] *See, e.g., Aiken v. Perry,* Case No. 5:08-cv-291-Oc-10GRJ (M.D. Fla. 8/30/08) (dismissing case pursuant to three-strikes bar and noting prior strikes).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

In this case, the Complaint is devoid of any allegations suggesting that Plaintiff is in imminent danger of serious physical injury. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper be **DENIED,** and that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 11th day of December 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**